USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATASHA DENONA MAKEUP LLC and NATASHA DENONA TRADING LIMITED,

Plaintiffs,

-against-

AMANDA NICOLE HERNANDEZ,

Defendant.

25 Civ. 10603 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Natasha Denona Makeup LLC and Natasha Denona Trading Limited (collectively, "Natasha Denona"), bring this action against former employee, Amanda Nicole Hernandez, alleging violations of the Computer Fraud and Abuse Act ("CFFA"), 18 U.S.C. § 1030, breach of contract, and breach of loyalty and fiduciary duty. *See generally* Compl., ECF No. 2. Hernandez moves to dismiss the CFFA claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and argues that the Court should decline to exercise supplemental jurisdiction over the state law claims. *See* Mot., ECF No. 29; Mem., ECF No. 30; Opp., ECF No. 33; Reply, ECF No. 34. For the reasons stated below, the motion is granted.

## BACKGROUND[1]

Natasha Denona is a "global cosmetic company that manufactures[,] markets[,] and distributes a diverse line of makeup products to consumers worldwide." Compl. ¶ 9. In February 2023, Hernandez began working as an "Operations and Sales Manager" for the company. *Id.* ¶ 10. "Given [Hernandez's] access to critical business information," she entered into a confidentiality agreement with Natasha Denona (the "Agreement"). *See id.* ¶ 12. The

[1] The following facts are taken from Plaintiffs' complaint. The Court takes all well-pleaded facts alleged in the complaint as true, drawing all reasonable inferences in favor of Plaintiffs. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

Agreement provides, *inter alia*, that Hernandez "agrees not to use [c]onfidential [i]nformation and/or [p]roprietary [d]ata for his/her benefit and/or the benefit of any other person, corporation or entity, other than the [e]mployer, during the term of employee's employment with [e]mployer, or anytime thereafter" and that "the confidential information and proprietary data shall be and remain the exclusive property of the [e]mployer and shall not be removed from the premises of the [e]mployer . . . without prior written consent." *Id.* ¶ 13(a)–(b) (emphasis omitted).

On June 1, 2025, Hernandez emailed Natasha Denona her resignation after Natasha Denona began reviewing incidents related to "complaints regarding [Hernandez's] conduct." *Id.* ¶ 19. Natasha Denona claims that shortly thereafter, "[Hernandez] . . . accessed [its] systems and . . . deleted all contents within [Natasha Denona's] shared Google Drive, as well as all [44,700] emails associated with her [c]ompany-issued email account." *Id.* ¶¶ 20, 22. Natasha Denona's Google Drive "contained confidential business documents" and "internal communications." *Id.* ¶ 23. Natasha Denona states that as a result, it has lost "critical business assets and confidential information" and "has been forced to undertake extensive measures to recover all lost and deleted information, including . . . hiring data recovery specialists." *Id.* ¶ 28 (emphasis omitted).

## DISCUSSION

### I. Legal Standard

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). On a motion to dismiss, the Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the non-movant's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 570.

## II. Analysis

### A. CFFA Claims

The CFFA prohibits certain computer crimes. *See* 18 U.S.C. § 1030(a)(1)–(7). Although it is primarily a criminal statute, the CFFA creates a private cause of action for any person who suffers one of several classes of damages. *See id.* § 1030(g). "Each of the CFFA subsections requires that the defendant have either acted 'without authorization' or 'exceed[ed] authorized access.'" *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 521 (S.D.N.Y. 2013). The "without authorization" requirement is satisfied when "a user lacks permission to access the computer at all." *United States v. Valle*, 807 F.3d 508, 524 (2d Cir. 2015); *see Negative, Inc. v. McNamara*, 770 F. Supp. 3d 472, 477 (E.D.N.Y. 2025). The "exceeds authorized access" clause targets those who "access a computer with permission, but then exceed the parameters of authorized access by entering an area of the computer to which that authorization does not extend." *Van Buren v. United States*, 593 U.S. 374, 389–90 (2021) (cleaned up). The inquiry is whether the defendant "obtain[ed] information located in particular areas of the computer—such as files, folders, or databases—that [were] off limits to [her]," not whether the defendant "obtained information for an improper purpose." *Id.* at 396.

In this case, Natasha Denona has only conclusorily alleged that Hernandez's actions exceeded her authorized access. *See* Compl. ¶ 20. The complaint does not allege sufficient "facts from which a trier of fact could conclude that [Hernandez] was actually prohibited from accessing any of the information in question, either as a technological matter or by company policy." *Negative, Inc.*, 770 F. Supp. at 478. The complaint does not allege that Hernandez was not permitted to access the information that she deleted in the Google Drive or email account—"*i.e.,* that these 'areas' within [Natasha Denona's computer] systems were off limits to her." *Id.* It "nowhere contends that [Hernandez] was not given the digital credentials to access this information" when she did, "nor does it contend that even if she had the login credentials to review those areas of [Natasha Denona's] system, she was advised that she was prohibited from doing so." *Id.* Without more, Hernandez's resignation email does not alter the Court's conclusion. Although the Second Circuit has not specifically addressed the issue, the Third Circuit has held that "an employee's resignation does not cancel her employer's authorization"; "[a]n employee cannot rescind the permission her employer gave her any more than an employee can provide permission her employer has not given." *United States v. Eddings*, 161 F.4th 199, 205 (3d Cir. 2025). The CFFA's statutory text buttresses this conclusion. The CFFA prohibits "intentionally access[ing] a computer without authorization," 18 U.S.C. § 1030(a)(2); accordingly, "[u]nless and until the employer affirmatively rescinds the permission it gave an employee, that employee may not know the employer's sanction has ended, and hence may not have the state of mind required to violate the statute." *Eddings*, 161 F.4th at 206.

In any case, the complaint concedes that "[a]t all relevant times, [Hernandez] was employed by [Natasha Denona] with direct access to these protected computers used for legitimate business purposes." Compl. ¶ 34; *see also id.* ¶ 20 (stating only that her actions were

unauthorized, not her access), ¶¶ 25–27 (same); Opp. at 3 (claiming not that Hernandez was prohibited from accessing the Google Drive and email but rather that her conduct in deleting the material violated the Agreement). Therefore, even accepting all non-conclusory allegations as true, the Court holds that Hernandez did not plausibly violate the CFFA.

The Court dismisses the CFFA claim without prejudice. Because leave to amend should be freely granted, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court provides Natasha Denona with an opportunity to amend its CFFA claim with the benefit of this decision. No further opportunities will be granted, however. Natasha Denona failed to amend this complaint after being afforded multiple opportunities—two rounds of pre-motion letters and a motion to dismiss—to make amendments in response to Hernandez's narrow motion to dismiss. *See also* Rule III(B)(ii), Individual Practices in Civil Cases ("Non-moving parties are on notice that declining to amend their pleadings to timely respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing.").

B. State Law Claims

A federal district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction under § 1367(c), the Court considers "the traditional 'values of judicial economy, convenience, fairness, and comity.'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 112–22 (2d Cir. 2006) (citation omitted). "Courts in the Second Circuit generally decline to exercise supplemental jurisdiction after a plaintiff's federal claims have been dismissed." *Novikov v. 141 Mansion Ave Restaurant LLC*, No. 25 Civ. 1581, 2026 WL 274392, at *6 (E.D.N.Y. Jan. 29, 2026). Courts are

"particularly reluctant to exercise supplemental jurisdiction where a matter is in the early stages of litigation, as is the case here." *Id.* The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses them without prejudice to refiling in state court.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Should Natasha Denona seek to amend its complaint, it shall do so by **October 22, 2026**.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 29.

SO ORDERED.

Dated: September 24, 2026
New York, New York

ANALISA TORRES
United States District Judge